**LU LU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 06–73357.**

United States Court of Appeals, Ninth Circuit.

Submitted May 20, 2008.*

Filed May 28, 2008.

Dorothy A. Harper, Minlin Marvin Gong, Law Office of Dorothy A. Harper, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Kelsi B. Corkran, Michael S. Raab, DOJ—U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PREGERSON, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM **

Lu Lu, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *see Mamouzian v. Ashcroft,* 390 F.3d 1129, 1133 (9th Cir.2004), we deny in part, grant in part and remand the petition for review.

Substantial evidence supports the denial of CAT relief because Lu did not show it is more likely than not that he will be tortured if he returns to China. *See id.* at 1139.

Substantial evidence also supports the BIA's determination that Lu failed to show past persecution because his experiences in China did not rise to the level of persecution. *See Prasad v. INS,* 47 F.3d 336, 339–40 (9th Cir.1995) (concluding that detention, interrogation, and single beating did not compel finding of past persecution).

However, substantial evidence does not support the BIA's finding that Lu's well-founded fear of persecution was not on account of a protected ground. *See Mamouzian,* 390 F.3d at 1134 (concluding that petitioner was persecuted, at least in part, on account of her political opinion because she was arrested, threatened, and beaten for participating in anti-government rally and for voicing opposition to corruption and economic policies of ruling party).

In light of our disposition of this case, Lu's due process contention is moot.

Therefore, we grant the petition for review with respect to Lu's asylum and withholding claims, and remand this case for further proceedings consistent with this disposition. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.